| | | | | |
|---|---|---|---|---|
| Minute Order Form (06/97) | | | | |

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5612 | **DATE** | 10/3/2003 |
| **CASE TITLE** | BANK OF MONTGOMERY vs. STEPHENS-ADAMSON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The bankruptcy court's order entering judgment in favor of Stephens-Adamson and against Bank of Montgomery is affirmed. ENTER MEMORANDUM OPINION AND ORDER.

/s/ Suzanne B. Conlon

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** | |
| | No notices required. | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | OCT 0 8 2003 date docketed | | 9 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. bankruptcy | docketing deputy initials | | |
| X | Copy to judge/magistrate judge. | 10/3/2003 date mailed notice | | |
| CB courtroom deputy's initials | | U.S. DISTRICT COURT 03 OCT -7 PM 8:24 Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANK OF MONTGOMERY, ) | |
| ) | |
| Plaintiff, ) | No. 03 C 5612 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| STEPHENS-ADAMSON EMPLOYEES ) | |
| CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The bankruptcy court found that Stephens-Adamson Employee Credit Union, as the successor in interest to the Richards-Wilcox Credit Union, possessed a perfected security interest in the debtor's mobile home that was prior to the Bank of Montgomery's security interest. *In re Barbara Draudt*, No. 02 B 18196, *Bank of Montgomery v. Stephens-Adamson Employees Credit Union*, Adv. Proc. No. 02 A 936. Bank of Montgomery appealed, designating the following three issues for consideration: whether the doctrine of implied waiver destroyed Stephens-Adamson's lien in the mobile home, whether the bankruptcy court erred in determining that Stephens-Adamson's lien was created in 1978 and valid through 1998, and whether the bankruptcy court erred in determining that the 1998 title to the debtor's mobile home was the only valid title.

### BACKGROUND

In 1978, Dorothy Draudt (the debtor's mother) filed the title to a mobile home with the Illinois Secretary of State, noting that the mobile home was subject to a lien held by Richards-Wilcox Credit Union, No. T0681075. In 1993, Draudt filed an application for a duplicate title,

1

marking that the original had been lost. She received a duplicate title, No. E8249421, that did not list Richards-Wilcox as a lienholder, but included the notation: "this is a duplicate certificate and may be subject to the rights of a person under the original certificate." Def. Ex. 4, p. 21; *see* 625 ILCS 5/3-111 (statute requires this warning on a duplicate title). Draudt took this duplicate title to Bank of Montgomery and used the mobile home as security for a loan. Another title was issued, listing Bank of Montgomery as the first lienholder. At some point in 1995, Bank of Montgomery received another corrected copy of the title, No. E9228703, that listed the bank as the first lienholder. In 1998, Stephens-Adamson was issued a copy of the title corrected to show Stephens-Adamson, as assignee of Richards-Wilcox, as the first lienholder. The Secretary of State's records indicate that Stephens-Adamson's title is the authentic title to the mobile home.

## DISCUSSION

A federal district court has jurisdiction to hear appeals from final judgments entered by the bankruptcy court. 28 U.S.C. § 157(a)(1). The factual findings of the bankruptcy court are reviewed for clear error, but conclusions of law are reviewed *de novo*. *In re A-1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). Mixed questions of law and fact as well as questions pertaining to the application of facts to the law are reviewed *de novo*. *In re Ebbler Furniture & Appliances, Inc.*, 804 F.2d 87, 88 (7th Cir. 1986).

The bankruptcy court found that Stephens-Adamson, as Richards-Wilcox Credit Union's successor, perfected a security interest in Draudt's mobile home in 1978. The bankruptcy court also concluded that the lien was still valid when Stephens-Adamson mailed the 1978 title to the Secretary

2

of State to receive a replacement title in 1998. Bank of Montgomery argues that there is inadequate documentation to support the bankruptcy court's determination that Stephens-Adamson's lien was still valid in 1998. The bankruptcy court concluded that the loan records produced by the bank, when combined with the testimony presented by Stephens-Adamson employees at trial and the titles provided by the Secretary of State established Stephens-Adamson as the first lienholder.

This decision was not clearly erroneous. *See Anderson*, 470 U.S. at 573 (clearly erroneous standard applies to findings relying on both testimony and documentary evidence). Stephens-Adamson's bank records only go back to 1988. However, the bank records showed a continuing balance from the original loan. Stephens-Adamson's Chairman of the Board testified that the lien was never removed. This testimony supported a finding that the lien had never been released. Bank of Montgomery does not offer evidence contradicting this testimony; it merely questions its credibility. *See Anderson*, 470 U.S. at 573 (determinations of credibility are reviewed for clear error). However, Bank of Montgomery failed to properly file a complete trial transcript with the clerk's office and points to no evidence that contradicts the Chairman of the Board's testimony. Only the transcript reflecting the ruling was filed. *See* Fed.R.Bank. Rule 8006 (appellant has the burden of providing a complete record if it questions whether the evidence supports the court's decision); *Limberopoulos v. Heyman*, No. 98 C 3921, 1999 WL 63678, * 1-2 (N.D.Ill. 1999). Without the trial transcript, it is impossible to review trial testimony. *See Limberopoulos*, 1999 WL 63678, * 1-2; *see also Matter of Thompson*, 140 B.R. 979, 982 (N.D.Ill. 1992). Even if the transcript were included, Bank of Montgomery cannot carry its burden of showing that the bankruptcy court's decision was clearly erroneous by simply questioning the credibility of evidence. *Id.* It must point to evidence that demonstrates the bankruptcy court was wrong. The 1978 and 1998 titles were

properly included in the record and there is no evidence that Stephens-Adamson's liens were released. This documentary evidence alone is sufficient to support the bankruptcy court's decision. In light of the record presented on appeal, there is sufficient evidence to support a finding that the 1978 lien was valid and had not been released.

Bank of Montgomery argues that the lien noted on the 1978 title was extinguished and that the 1998 title issued to Stephens-Adamson cannot rely on the 1978 title to establish priority. In Illinois, a security interest in a vehicle is perfected by delivering the existing certificate of title, if any, along with an application and fee to the Secretary of State. 625 ILCS 5/3-203. Bank of Montgomery concedes that the 1978 lien was properly perfected. Instead, it argues that Stephens-Adamson subordinated its lien by sending the 1978 title to the Secretary of State to receive a new title that properly listed Stephens-Adamson as the lienholder. In doing so, Stephens-Adamson, as the assignee of Richards-Wilcox, merely complied with the Illinois Vehicle Code assignment statute. 625 ILCS 5/3-204. An assignee may, but is not required to, request that the Secretary of State issue a certificate of title reflecting the assignee as lienholder. Stephens-Adamson was not required to request a new certificate of title to perfect the lien, nor does requesting the new certificate of title subordinate its security interest. 625 ILCS 5/3-204(b). Filing for a replacement title in 1998 did not release Stephens-Adamson's lien.

Bank of Montgomery also argues that Stephens-Adamson waived its rights under the lien perfected in 1978 by not filing for a replacement title. Waiver is the intentional relinquishment of a known right. *See In re Krueger*, 192 F.3d 733, 739 (7th Cir. 1999) (*citing Ryder v. Bank of Hickory Hills*, 146 Ill.2d 98, 585 N.E.2d 46 (Ill. 1991). The party asserting waiver carries the burden of proof. *Id.* As stated above, it is not mandatory under the Illinois Vehicle Code for the assignee

of a security interest to file for a replacement copy of the title to perfect its lien. 625 ILCS 5/3-204. Stephens-Adamson cannot be said to have waived its rights merely by complying with the applicable statute. Moreover, Stephens-Adamson exercised its right as an assignee to record a corrected title. In Illinois, conflicting security interests rank according to priority in time of filing or perfection. Stephens-Adamson's security interest was perfected in 1978, years before Bank of Montgomery filed with the Secretary of State. Accordingly, Stephens-Adamson possesses a perfected lien that is senior to that of Bank of Montgomery.

## CONCLUSION

Bank of Montgomery has failed to show that the bankruptcy court clearly erred in determining that Stephens-Adamson's 1978 lien was not released. It has also failed to show that the bankruptcy court erred in concluding that Stephens-Adamson had not waived its rights under the original lien. Stephens-Adamson's lien was perfected first. Accordingly, the judgment of the bankruptcy court is affirmed.

October 3, 2003

ENTER:

Suzanne B. Conlon
United States District Judge